UNITED STATES of America,
Plaintiff-Appellee,

v.

GENERIX DRUG CORPORATION, a corporation, Lewis Michael Orlove, Gary R. Dubin, and Ofelia Perez, individual, Defendants-Appellants.

Nos. 80–5652, 80–5856 and 80–5857.

United States Court of Appeals,
Fifth Circuit.*
Unit B

June 16, 1983.

Greene & Cooper, Robyn Greene, Miami, Fla., for defendants-appellants.

Nancy C. Garrison, John J. Powers, III, Washington, D.C., for plaintiff-appellee.

Before HILL and THOMAS A. CLARK, Circuit Judges, and MARKEY,** Chief Judge.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

** Honorable Howard Markey, Chief Judge for the Federal Circuit, sitting by designation.

1. A communication directed to the court by Generix suggested that the Supreme Court's decision may have left an issue unresolved. Generix maintains that, despite the validity of

JAMES C. HILL, Circuit Judge:

In this case, the district court originally entered a preliminary injunction enjoining Generix Drug Corporation from selling certain generic drugs containing designated active ingredients. The injunction was entered on grounds that the drugs had not been properly approved by the Food and Drug Administration ("FDA"). 498 F.Supp. 288. A panel of the former Fifth Circuit vacated the district court's injunction and remanded with instruction to dismiss the Government's complaint. 654 F.2d 1114. The Supreme Court granted certiorari, 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847, and subsequently reversed the panel decision. —— U.S. ——, 103 S.Ct. 1298, 75 L.Ed.2d 198. The Court concluded that a generic drug product is a "new drug" which requires FDA approval prior to its being marketed. In addition, the Supreme Court's mandate remanded the case to us for further proceedings consistent with its opinion. We therefore vacate our earlier judgment and affirm the district court's preliminary injunction.

Before the Supreme Court, Generix also urged that this controversy was moot because the Company no longer was selling unapproved drugs. This argument was rejected, however, on grounds "[t]he possibility that respondent may change its mind in the future is sufficient to preclude a finding of mootness." —— U.S. at —— n. 6, 103 S.Ct. at 1300 n. 6, 75 L.Ed.2d 198. Hence, this case must be returned to the district court for the fashioning of permanent injunctive relief consistent with the Supreme Court's opinion.[1]

the district court's preliminary injunction, certain technical errors were contained in the court's original order. Because we originally vacated the injunction, we did not address this possibility. The Supreme Court also did not address this matter. However, since the district court must issue a permanent injunction consistent with the Supreme Court's opinion, it would be appropriate for the parties to attempt to correct any technical errors which may or

may not have been included in the preliminary injunction before the district court at that time.